# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   20    0857

Frank Gangi _____, Plaintiff(s)

v.

Tiger Enterprises & Trading, Inc.,
Daniel Hansen, Dwight Walker, Defendant(s)
and Bonnie Walker

### SUMMONS

To the above-named Defendant:   Bonnie Walker

You are hereby summoned and required to serve upon   Eric Osterberg
Osterberg LLC
plaintiff's attorney, whose address is   83 Atlantic Avenue, Boston, MA 02110
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,   JUDITH FABRICANT, Esquire   , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK, ss.

| | |
|---|---|
| **FRANK GANGI** | **TRIAL COURT, SUPERIOR COURT DEPT.** |
| **Plaintiff,** | |
| v. | Civil Action No. 20   0857 |
| **TIGER ENTERPRISES & TRADING, INC., DANIEL HANSEN, DWIGHT WALKER AND BONNIE WALKER,** | |
| **Defendants.** | |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, complaining of the defendant alleges:

**Nature of the Action**

1.    This is a suit to redress defendants' intentional and improper interference with plaintiff's contracts to broker and/or arbitrage the purchase and resale of aircraft parts, defendants' unfair and deceptive business practices and defendants' libel of plaintiff. Plaintiff was in the process of acquiring and negotiating to acquire on behalf of others, aircraft parts from their owner when defendants wrongfully converted the parts, refused to return the parts to their owner, refused to allow plaintiff to inspect or take possession of the parts and began denigrating plaintiff. Plaintiff seeks an injunction requiring defendants to relinquish the parts and/or money damages in excess of $1,250,000 representing the amounts plaintiff could have made by acting as broker and/or reseller of the parts and damages for libel.

## The Parties

2.       Plaintiff is an individual residing in Brookline, Massachusetts.

3.       Upon information and belief, defendant Tiger Enterprises & Trading, Inc. ("Tiger") is a South Carolina corporation with a principal place of business in Pelzer, South Carolina.

4.       Upon information and belief, defendant Daniel Hansen is Tiger's Vice President, an owner of Tiger and a resident of South Carolina.

5.       Upon information and belief, defendant Dwight Walker is Tiger's Chief Executive Officer, an owner of Tiger and a resident of South Carolina.

6.       Upon information and belief, Defendant Bonnie Walker is Tiger's President, Chief Financial Officer and majority owner, and a resident of South Carolina.

7.       Upon information and belief, each of the defendants is engaged in the business of brokering and buying and selling aircraft parts worldwide, including in the Commonwealth of Massachusetts.

8.       Each of the defendants has solicited business and does solicit business and engage in persistent courses of conduct in the Commonwealth of Massachusetts, including soliciting business from plaintiff.

## Jurisdiction and Venue

9.       This Court has subject matter jurisdiction pursuant to Mass. Gen. Laws ch. 212 §§ 3 and 4 because it is a civil suit for money damages in excess of $25,000 and for equitable relief, and pursuant to M.G.L. ch. 93A § 11 because it is brought by a person who engages in the conduct of trade or commerce and who has suffered loss of money as

a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by M.G.L. ch. 93A § 2.

10.     The Court has personal jurisdiction over defendants pursuant to Mass. Gen. Laws ch. 223A, § 3(c) because the causes of action arise from defendants' causing tortious injury by acts and omissions in the Commonwealth and pursuant to Mass. Gen. Laws ch. 223A, § 3(d) because the causes of action arise from defendants causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth and defendants regularly do or solicit business, or engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

11.     Venue is proper in this country pursuant to Mass. Gen. Laws Ann. ch. 223, § 8 because plaintiff lives in Norfolk County.

## Factual Allegations Pertaining to All Causes of Action

12.     Plaintiff has a business of brokering and arbitraging purchases and sales of aircraft components and parts.

13.     ARO-D Enterprises, LLC ("ARO") is a company owned and operated by Rudy Dixon ("Dixon"). ARO acquires aircraft, airframe components, sub-assemblies, engines, and engine parts and re-sells same to various third parties.

14.     Plaintiff and Dixon are long-time business associates and friends.

3

15.     Upon information and belief, in 2018 ARO purchased a Hawker 4000 aircraft that was previously owned by the Federal Republic of Nigeria and was located near Lagos, Nigeria.

16.     Upon information and belief, in 2019 Dixon traveled to Nigeria, disassembled the Hawker 4000 aircraft and arranged with defendants to ship the aircraft component parts (the "Parts") to Tiger and for Tiger to store the Parts only.

17.     ARO hired Tiger to store the Parts only, not to serve as ARO's agent in any manner.

18.     ARO specifically rejected defendants' request that they be permitted to sell the Parts for ARO on a consignment basis.

19.     None of the defendants have any right to any of the Parts.

20.     In June, 2019, Dixon offered plaintiff the opportunity to purchase and/or broker the sale of whichever of the Parts plaintiff wanted.

21.     Plaintiff informed Dixon that he was prepared to take delivery of certain Parts sight unseen, but wanted to inspect certain other Parts before contracting for those.

22.     At Dixon's request, defendants shipped certain Parts to plaintiff.

23.     One June 3, 2019 Dixon specifically requested that plaintiff broker the sale of one the Parts in defendants' possession, an Auxiliary Power Unit "APU."

24.     ARO estimated the value of the APU to be approximately $195,000.

25.     If plaintiff were to broker or arbitrage the sale of the APU, he would have earned approximately $92,500.

26.    Dixon contacted one or more of the defendants and asked them to deliver additional Parts to plaintiff, and to allow plaintiff to inspect other Parts.

27.    Upon learning that ARO intended to hire plaintiff and not Tiger to broker sales of the Parts, defendants hatched a scheme to hijack plaintiff's opportunities.

28.    Defendants fraudulently misrepresented to plaintiff on multiple occasions that they were the exclusive authorized agents of ARO and had the exclusive rights to sell the Parts, and that plaintiff should make arrangements to purchase the Parts from them and not from ARO.

29.    On July 15, 2020 Dwight Walker wrote the following in an email he sent to plaintiff in Massachusetts, with a copy to defendant Daniel Hansen, defendant Bonnie Walker and others: "I would like to introduce our company and personnel to you in order for you to engage Tiger in future dialog on the Hawker 4000 and material that is owned by ARO Enterprise, Rudy Dixon. Rudy and I have worked together for 42 years and he has enlisted us to handle the logistics, marketing and sales of his aircraft."

30.    The statements in Dwight Walker's July 15, 2019 email were false and all of the defendants knew them to be false when made.

31.    On July 30, 2019, Dwight Walker wrote the following in an email he sent to plaintiff in Massachusetts, with a copy to Daniel Hansen: "I am communicating with you in respect of the Hawker 4000 program that Tiger has been involved in with Mr. Rudy Dixon since the aircraft became available several years ago. Our 42 year relationship with the current owner of this aircraft puts Tiger in a trusting relationship

together as demonstrated by the material being shipped to Tiger who is now contracted to manage marketing and sales of assets received."

32.    The statements in Dwight Walker's July 30, 2019 email were false and all of the defendants knew them to be false when made.

33.    According to defendants, defendant Daniel Hansen had "overall responsibility" for ARO's Parts and therefore is directly responsible for all of defendants' wrongful actions.

34.    Bonnie Walker and Daniel Hansen knew of, approved and otherwise fostered defendants' false statements.

35.    In October 2019, ARO authorized plaintiff to take possession of all of the Parts.

36.    Plaintiff verified with Dixon that defendants' representations to plaintiff concerning their rights were false.

37.    When plaintiff confronted defendants about their false statements, they repeated them and falsely insisted they had rights to the Parts.

38.    Plaintiff refused to contract with any of the defendants to purchase the Parts.

39.    Because plaintiff refused contract with them to purchase the Parts, defendants to refused to ship any more Parts to plaintiff and refused to allow plaintiff to inspect the Parts.

40.     Despite repeated efforts by plaintiff and Dixon to persuade, demand, cajole and otherwise try to get defendants to ship Parts and allow access, defendants continue to refuse to ship Parts or allow plaintiff to inspect the Parts to this day.

41.     Defendants sold certain of the Parts to third parties.

42.     Defendants wrongfully converted certain of the Parts that were the subject of plaintiff's agreement with ARO, and wrongfully sold those Parts to others.

43.     If plaintiff had been able to  broker or arbitrage the sale of all the remaining Parts in 2019, his net earnings would have been approximately $1,250,000.

44.     If plaintiff were to receive the Parts now, he would earn $1,000,000, $250,000 less than he would have earned had he received the Parts in 2019, because of changes in the market for the Parts.

### First Cause of Action – Intentional Interference with Contract

45.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44.

46.     Plaintiff formed contracts with ARO to broker and/or arbitrage the sale of the Parts.

47.     Defendants knew of the contracts between the plaintiff and ARO.

48.     Defendants unlawfully and improperly interfered with the performance of the contracts by refusing to turn over and refusing to allow inspection of the Parts.

49.     Defendants' actions in preventing plaintiff and ARO from performing their contracts were improper in motive and means.

50.     As a result of defendants' wrongdoing, plaintiff lost the benefit of its contracts with ARO and the fees, compensation and profit he would have earned in the total amount of $1,250,000.

51.     If not enjoined by this Court, defendants will continue their wrongful interference with plaintiff's contracts.

## Second Cause of Action - Intentional Interference with Prospective Contract

52.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44.

53.     Plaintiff had prospective contracts with ARO to broker and arbitrage the sale of all of the Parts.

54.     Defendants knew of the prospective contracts between plaintiff and ARO.

55.     Defendants unlawfully and improperly interfered with the performance of the prospective contracts by refusing to turn over and refusing to allow inspection of the Parts.

56.     As a result of defendants' interference, plaintiff has suffered damages in the amount of not less than $1,250,000.

57.     If not enjoined by this Court, defendants will continue their wrongful interference.

## Third Cause of Action – Unfair Trade Practices

58.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 57.

59.    Defendants engaged in unfair trade practices in violation of M.G.L. ch. 93A § 2.

60.    Plaintiff is a person who engages in the conduct of any trade or commerce and who has suffered loss as a result of the use or employment by defendants, other persons who engage in any trade or commerce, of an unfair or deceptive act or practice.

61.    As a result of defendants' unfair trade practices, plaintiff has suffered damages in the amount of not less than $1,250,000.

62.    If not enjoined by this Court, defendants will continue their unfair trade practices.

## Fourth Cause of Action – Libel

63.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44.

64.    Increasingly desperate, defendants have taken to falsely attacking plaintiff personally and in his business.

65.    In a letter addressed to attorney Wes Few, dated August 20, 2020, Dwight Walker wrote: "It is only through the injection of Frank Gangi into this program and his tactics that created the narrative from Rudy [Dixon] about trust."

66.    One or more of the defendants distributed the letter to Dixon and others.

67.    Dwight Walker's written statement to Wes Few and others was false, implied undisclosed facts regarding plaintiff's "tactics", and disparaged plaintiff in the conduct of his business.

68.    Dwight Walker's written statement to Wes Few and others was libelous.

9

69. Upon information and belief, defendants Bonnie Walker and Daniel Hansen knew of and approved Dwight Walker's libelous statement before Dwight Walker sent the letter to Wes Few, and one or more of the defendants distributed the letter to Dixon and others.

## Demand For Relief

WHEREFORE, Plaintiff demands:

I. That Defendants be required to immediately deliver all Hawker 4000 aircraft parts in their possession to plaintiff;

II. That Defendants be required immediately to deliver to plaintiff, any and all inventories, listings and/or other documents identifying any of the Parts, along with all receipts, invoices, bills of sale or other documents identifying any and all Parts sold or disposed by any of the defendants and/or the prices for which those Parts were sold;

III. That Defendants be required to cease their disparagement of plaintiff;

IV. That Defendants be required to pay to Plaintiff money damages in excess of $1,250,000 the exact amount to be determined at trial together with interest thereon;

V. That Defendants be required to pay to Plaintiff treble or double damages;

VI. That Defendants be required to pay nominal damages;

VII. That Defendants be required to pay Plaintiff's attorneys' fees;

VIII. That Defendants be ordered to pay the costs of this action; and

IX. That the Court award Plaintiff such other and further relief as may be just and proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: Boston, Massachusetts
        September 10, 2020

OSTERBERG LLC

By: _____
Eric C. Osterberg (BBO#624944)
83 Atlantic Avenue
Boston, MA  02110
Phone: (617) 294-6542
eosterberg@osterbergllc.com
*Attorney for Plaintiff Frank Gangi*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO.: 2082-00857

FRANK GANGI
     Plaintiff,

v.

TIGER ENTERPRISES & TRADING, INC.,
DANIEL HANSEN, DWIGHT WALKER,
and BONNIE WALKER
     Defendants.

)
)
)
)
)
)
)
)
)

## DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION TO
## ANSWER OR OTHERWISE RESPOND TO THE PLAINTIFF'S COMPLAINT

Defendants, who are all domiciled in South Carolina, hereby request a brief extension of

time to answer or otherwise respond to the Plaintiff's Complaint to Friday, October 9, 2020.

This emergency request seeks eight (8) additional days beyond the 20 day response period set

forth in Mass. R. Civ. P. 12(a)(1) for the Defendants, Tiger Enterprises & Trading, Inc. Daniel

Hansen, and Bonnie Walker, who were served on September 11, 2020; and, an additional four

(4) days on behalf of Dwight Walker, who was served on September 15, 2020.  This motion is

filed on an emergency basis to avoid entry of a clerk's default and because Plaintiff's counsel

has refused to grant the requested extensions.

As grounds therefore, below signed counsel states that there are no pending motions or

requests for temporary or preliminary relief in this matter.  Plaintiff will not be materially

prejudiced in any way if the court grants the requested extension while Defendants' counsel,

retained this morning, will be forced to file Answers without first having a meaningful

opportunity to discuss with his clients the factual allegations and without also being afforded a

{C2141588.1}

meaningful opportunity to review all relevant documentary evidence.  Below signed counsel also

requires a few days to familiar himself with pleadings and discovery in a pending South Carolina

civil action in which the plaintiff is a party and which arises from substantially the same set of

operative facts.

Wherefore, Defendants hereby request a brief extension of time to answer or otherwise

respond to the Plaintiff's Complaint to Friday, October 9, 2020.


Respectfully the Defendants,

TIGER ENTERPRISES & TRADING, INC.,
DANIEL HANSEN, DWIGHT WALKER, and
BONNIE WALKER

By their Attorney,

/s/ Kevin C. Cain
Kevin C. Cain (#550055)
SULLOWAY & HOLLIS P.L.L.C.
50 Cabot Street – Suite 204
Needham, MA  02494
Direct: (781) 320-5441
Fax:     (781) 320-5444
Email: KCain@sulloway.com

## CERTIFICATE OF SERVICE

I, hereby certify that on this 1st day of October, 2020, I filed in person with the Clerk of the Court the foregoing: ***Defendants' Motion for an Extension of Time to File Answer to Plaintiff's Complaint*** and paper copy will be sent to all counsel of record below:

Eric C. Osterberg, Esq.
83 Atlantic Avenue
Boston, MA 02110

/s/ Kevin C. Cain
Kevin C. Cain, BBO#550055

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS
                               SUPERIOR COURT
                               CIVIL ACTION NO.: 20-0857

| | |
|---|---|
| FRANK GANGI | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIGER ENTERPRISES & TRADING, INC., | ) |
| DANIEL HANSEN, DWIGHT WALKER, | ) |
| and BONNIE WALKER | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF APPEARANCE

Please enter my appearance on behalf of the Defendants, TIGER ENTERPRISES & TRADING, INC., DANIEL HANSEN, DWIGHT WALKER, and BONNIE WALKER.

                        The Defendants,
                        TIGER ENTERPRISES & TRADING, INC., DANIEL
                        HANSEN, DWIGHT WALKER, and BONNIE
                        WALKER

                        By Their Attorneys,

                        /s/ Kevin C. Cain
                        Kevin C. Cain (#550055)
                        SULLOWAY & HOLLIS P.L.L.C.
                        50 Cabot Street – Suite 204
                        Needham, MA  02494
                        Direct: (781) 320-5441
                        Fax:    (781) 320-5444
                        Email: KCain@sulloway.com

{C2141546.1 }

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 1st day of October, 2020, I filed in person with the Clerk of the Court

the foregoing:  *Notice of Appearance* and paper copy will be sent to all counsel of record below:


Eric C. Osterberg, Esq.
83 Atlantic Avenue
Boston, MA 02110

/s/ Kevin C. Cain
Kevin C. Cain, BBO#559055

{C2141548.1 }

2

## COMMONWEALTH OF MASSACHUSETTS
COUNTY OF NORFOLK, ss.

|  |  |
|---|---|
| **FRANK GANGI** <br><br> **Plaintiff,** <br><br> v. <br><br> **TIGER ENTERPRISES & TRADING, INC., DANIEL HANSEN, DWIGHT WALKER AND BONNIE WALKER,** <br><br> **Defendants.** | **TRIAL COURT, SUPERIOR COURT DEPT.** <br><br> **Civil Action No. 20-0857** |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff's opposition has nothing to do with defense counsel or the predicament in which he has been placed. Of course defense counsel should have adequate time to investigate and formulate a response to the complaint. The problem is with the defendants. They are holding hostage, aircraft parts that are the subject of plaintiff's contract with the owner of those parts (which is the basis for plaintiff's tortious interference claim), and demanding ransom. Delay suits defendants, because they are in possession, and hurts plaintiff. Therefore plaintiff cannot agree to any delay.

Moreover, defendants manufactured counsel's predicament. Defendants' South Carolina counsel sought and was refused the very extension Massachusetts counsel now seeks. Plaintiff refused because defendants would not release even an inconsequential number of the captive aircraft parts. Defendants are no strangers to litigation, so they

waited until the eleventh hour to retain counsel knowing that the Court likely would

grant an extension to a newly retained attorney with inadequate time to prepare.

This is how shrewd litigants manufacture purported incivility among members of

the Bar. Defendants' place counsel in an untenable position, defense counsel reasonably

seeks relief from a fellow member of the Bar, and the refusal by plaintiff's counsel seems

uncivil on its face when in fact it is only resistance to defendants' abuse.

Dated: Boston, Massachusetts
    October 2, 2020

                            Respectfully submitted,

                            OSTERBERG LLC


                    By: _____
                            Eric C. Osterberg (BBO#624944)
                            83 Atlantic Avenue
                            Boston, MA 02110
                            Phone: (617) 294-6542
                            eosterberg@osterbergllc.com

**Certificate of Service**

I certify that I served a served a copy of the foregoing on defense counsel Kevin Cain of Sulloway & Hollis by email addressed to kcain@sulloway.com and mbresilla@sulloway.com on October 2, 2020.

Eric Osterberg